UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BECKY MORRISON-BARNES,<br><br>    Plaintiff,<br><br>        v.<br><br>NICOLETTE HAY, Department of Children and Families, et al.,<br><br>    Defendants. | Civil Action No. 25-30085-MGM |

MEMORANDUM AND ORDER
May 13, 2025

MASTROIANNI, U.S.D.J.

For the reasons set forth below, the court allows Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) and dismisses this action without prejudice.

## I. BACKGROUND

Plaintiff Becky Morrison-Barnes filed her self-prepared complaint naming Nicolette Hay, a social worker supervisor employed by the Massachusetts Department of Children and Families ("DCF"); Kerri Cappuccio, a DCF social worker; and Staverne Miller, the DCF Commissioner, as defendants (Dkt. No. 1). Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*Id.* at 3.) According to Plaintiff, Defendants have violated her federal rights with regard to a pending proceeding in the Springfield Juvenile Court seeking to terminate her parental rights. Among other things, Plaintiff states that falsified legal documents have been filed in the pending juvenile court action. (*Id.* at 5.) Plaintiff asks this court to "step in and evaluate this situation." (*Id.* at 4.) For relief, Plaintiff seeks monetary damages in the amount of $500,000.00 and an order that the defendants appropriately follow DCF policy and procedures. (*Id.* at 6.)

Accompanying her complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Dkt. No. 2).

## II.   THE MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Plaintiff's financial disclosures in her Application to Proceed in District Court Without Prepaying Fees or Costs, the court concludes that she has adequately demonstrated that she is without income or assets to pay the filing fee. Accordingly, Plaintiff will be permitted to proceed *in forma pauperis*.

## III.   PRELIMINARY REVIEW

When a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Because Plaintiff is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements of 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## IV.   DISCUSSION

To state a claim under Section 1983, a plaintiff must show that the challenged conduct was committed by a person acting under color of state law and that the conduct worked a deprivation of rights, privileges, or immunities secured by the Constitution or federal law. 42 U.S.C. § 1983; *Soto v. Flores*, 103 F.3d 1056, 1061 (1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997). However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against

2

the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Moreover, a state "may not be sued for damages in federal court unless [it] has consented, or its immunity has been waived, or Congress has overridden the immunity." *Facey v. Dickhaut*, 892 F. Supp. 2d 347, 355 (D. Mass. 2012) (internal quotation marks omitted).

The Eleventh Amendment bars Plaintiff's Section 1983 claims for money damages against the Defendants in their official capacities. Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. "The Commonwealth has not consented to be sued in federal courts." *Nobile v. Commonwealth*, 675 F. Supp. 2d 214, 216 (D. Mass. 2009), and Congress has not overridden the Commonwealth's immunity "in the case of [section] 1983." *Facey*, 892 F. Supp. 2d at 355; *see Will*, 491 U.S. at 67. Consequently, because Plaintiff's Section 1983 claims against the Defendants in their official capacities are claims against the Commonwealth, her claims are barred by the Eleventh Amendment.

In addition, Commissioner Miller cannot be held liable under Section 1983 for the conduct of her subordinates under a theory respondeat superior. Supervisory liability may not be established by the doctrine of respondeat superior in Section 1983 cases. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Instead, after plausibly alleging a primary violation, a plaintiff must then "forge an affirmative link between the abridgement and some action or inaction on the supervisor's part." *Parker v. Landry*, 935 F.3d 9, 14 (1st Cir. 2019). "Supervisory officials may be held liable only 'on the basis of their own acts or omissions" that "amount to a reckless or callous indifference to the constitutional rights of others." *Gary v. McDonald*, No. 13-12847-JLT, 2014 WL 1933084, at *1 (D. Mass. May 13, 2014) (internal quotation marks omitted).

Finally, the court declines to exercise jurisdiction over this matter to avoid interfering with the pending state proceedings. Under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psyc.*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved somewhere in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

Here, the court would "needlessly inject" itself in the pending juvenile court proceeding if it were to consider Plaintiff's claims, including her requests that this court order Defendants "to follow DCF policy and procedures" and that the court "step in and evaluate this situation." (Dkt. No. 1 at 4, 6.) The court has no reason to believe that Plaintiff will not have an opportunity to raise all relevant issues—including her challenge to the evidence—in the state court, whether in front of the trial court or on appeal.

Although the court sometimes grants *pro se* plaintiffs an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted").

## V. CONCLUSION

For the reasons set forth above,

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) is ALLOWED.

2. This action is DISMISSED without prejudice.

It is So Ordered.

                                                  /s/ Mark G. Mastroianni
                                                 MARK G. MASTROIANNI
                                                 United States District Judge